**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

NELSON BENITEZ-CRUZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

---

No.  15-70714

Agency No. A070-129-417

MEMORANDUM *

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before:  GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Nelson Benitez-Cruz's opposed motion to stay appellate proceedings or in the alternative refer this case to mediation (Docket Entry No. 27) is denied.

Benitez-Cruz, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

The BIA did not abuse its discretion in denying Benitez-Cruz's second motion to reopen as time and number-barred where it was filed over seventeen years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and where Benitez-Cruz failed to establish that he qualified for the regulatory exception to the time and number limitations imposed on filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (this court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law"). We reject Benitez-Cruz's contention that the BIA erred by not addressing his application for temporary protected status in its order denying his motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED**.

15-70714